# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE OWUSUMENSAH A/K/A YVONNE KING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 14 C 3640 |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendant Cavalry Portfolio Services, LLC's ("Cavalry") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons Cavalry's motion is granted.

## BACKGROUND

Cavalry is an Illinois limited-liability company chartered under Delaware law, which transacts business in Illinois. Cavalry is a debt collection agency which assumes delinquent debts and pursues collection efforts. On May 18, 2012, Cavalry filed a small claims collection action ("Collection Lawsuit") against Plaintiff Yvonne Owusumensah ("Yvonne") in the Circuit Court of Cook County, Illinois, seeking to collect a delinquent credit card account ("Delinquent Account"). Cavalry submitted the affidavit of Stephanie Cappelli, a Cavalry employee, to establish the delinquency

of Yvonne's account in support of the Collection Lawsuit. Yvonne was served in June 2013 with a notice of the initiation of the Collection Lawsuit. The next month, on July 17, 2013, Cavalry obtained a default judgment against Yvonne for the arrears funds. Following the entry of the default judgment, Yvonne retained counsel to represent her and on July 30, 2013, she filed a motion to vacate the default judgment. On August 12, 2013, Yvonne's motion to vacate the July 2013 default judgment was granted. Subsequently, in December 2013, Yvonne filed a motion to dismiss the Collection Lawsuit based on standing. On February 24, 2014, the Illinois small claims court denied Yvonne's motion to dismiss and the case was set for trial. Prior to the beginning of the trial, Cavalry voluntarily dismissed its case without prejudice.

After Cavalry voluntarily dismissed Yvonne's complaint, she filed the instant complaint on May 18, 2014. Yvonne's complaint alleges the Cavalry violated the: (1) Federal Debt Collection Practices Act ("FDCPA") (Count 1); and (2) Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count 2). On August 22, 2014, Cavalry filed the instant motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). After the submission of their motion to dismiss, Cavalry moved to consolidate the case at bar with three similar cases brought against Cavalry or its subsidiary, Cavalry SPV I, LLC ("Cavalry SPV") on August 29, 2014. Cavalry moved to consolidate the current case with: (1) *Needham v. Cavalry SPV*, 14-cv-4402 (Darrah, J.); (2) *Marsellos v. Cavalry SPV*, 14-cv-4442 (Coleman,

J.); (3) *Minkowski v. Cavalry SPV*, 14-cv-4903 (Bucklo, J.). On September 4, 2014, this Court granted Cavalry's motion to consolidate.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id.* Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo,* 526 F.3d at 1084 (emphasis in original).

## DISCUSSION

### I. FDCPA Claim (Count 1)

The FDCPA generally prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Yvonne alleges that Cavalry violated multiple provisions of the FDCPA when it deceptively filed the Collection Lawsuit in small claims court for the

purposes of collecting the Delinquent Account. The Court notes that it is difficult to relegate the specific deceptive conduct amongst the broad and meandering public policy diatribes contained in Yvonne's complaint. In Yvonne's reply to Cavalry's motion to dismiss, she admits that "a large portion of the complaint, as drafted, is surplusage," and seeks to remedy the lack of clarity in her complaint with a refinement of her cause of action via her reply. Yvonne has alleged facts in her complaint which she further clarifies in her reply, and does not incorporate new facts. The Court will consider Yvonne's clarifications, but must ultimately determine the merits of the cause of action pled in her complaint.

Yvonee's complaint makes two overarching allegations about Cavalry's unlawful conduct in its debt collection efforts. First, Yvonne alleges that Cavalry violated the FDCPA by submitting claims based on inadequate and false evidence of the Delinquent Account in support of the Collection Lawsuit. Second, Yvonne alleges that Cavalry violated the FDCPA by filing the Collection Lawsuit without the intention of taking the case to trial to prove the validity of its claims, which she alleges to be inherently deceptive and unfair. The Court will deal with each issue in turn.

### A. Submission of Inadequate and False Evidence

Yvonne's reliance on the FDCPA to seek redress for Cavalry's submission of inadequate and supposedly false evidence to establish the existence of the debt in the Collection Lawsuit is meritless. Initially, the inadequacy of Cavalry's submissions

propounded in the Illinois small claims Collection Lawsuit is a nonstarter. In determining the adequacy of an FDCPA claim, it is well established that federal courts should not delve into the adequacy of state court pleading requirements or procedural nuances. *See Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007) (noting that state procedural rules, not federal law, "determine which facts, and how much detail, must be included in documents filed with clerk of court for presentation to a judge"); *see also St. John v. CACH, LLC*, 14-cv-0733, 2014 WL 3377354, *3 (N.D. Ill. July 8, 2014) ("[i]t is well-established in this district that FDCPA claims cannot be based on violations of the Illinois state pleading requirements"); *see also Manlapaz v. Unifund CCR Partners*, 2009 WL 3015166, at *5 (N.D. Ill. 2009) ("a claim alleging insufficient state-court pleadings is controlled by state procedural and evidentiary law and is not a valid claim under the FDCPA"). Realizing the futility of her argument, Yvonne correctly concedes in her reply brief that she cannot base an FDCPA claim on state court pleading and proof deficiencies alone.

Additionally, Yvonne alleges that Cavalry submitted false information concerning the ownership of the Delinquent Account. The Seventh Circuit has determined that a valid FDCPA claim exists if a defendant makes a false or misleading statement in its efforts to collect a debt in the midst of state court litigation or in the confines of a state court complaint. *See Gearing v. Check Brokerage, LLC Corp.*, 233 F.3d 469, 472 (7th Cir. 2000). Cavalry aptly highlights that Yvonne's

allegations of fraud are mistakenly centered on whether Cavalry or its subsidiary, Cavalry SPV owned the Delinquent Account. In Yvonne's reply brief to Cavalry's motion to dismiss, she abandons her assertion that fraud was involved in Cavalry's ownership of the delinquent account. Yvonne continues that the "owner of the debt is immaterial" to her underlying claim and any pleading insufficiencies can be remedied in an amended complaint. However, Yvonne's allegations in her complaint are material. Yvonne asserts that two violations of the FDCPA occurred when Cavalry fraudulently misrepresented the nature of the debt. As it turns out, Cavalry did not engage in any misrepresentation or fraud concerning the ownership of the debt. It was Yvonne's inartfully plead complaint that thrust Cavalry's representations in the Collection Lawsuit into issue. In the absence of fraud, misleading statements, or false disclosures, Yvonne has not pled an FDCPA violation concerning Cavalry's ownership of the delinquent account.

**B. Cavalry's Intent to Not Pursue Claims at Trial**

Realizing the lack of legitimacy in her first argument, Yvonne's reply brief solely relies on her remaining argument that Cavalry violated numerous provisions of the FDCPA by instituting the Collection Lawsuit without intending to proceed to trial. Yvonne continues that Cavalry's intent to file a collection action and obtain a default judgment, in the absence of opposition, is inherently deceptive and unfair under the FDCPA. Yvonne fortifies her argument with the fact that once she contested the

procedures and her attorney filed an appearance, Cavalry voluntarily dismissed the case.

It is worth noting that Cavalry has reinstated its collection efforts against Yvonne and a trial on the existence and validity of the delinquent balance is scheduled to begin imminently in Illinois small claims court. However, it is not the current state of the Illinois small claims case that Yvonne relies to support her FDCPA claim. It is Cavalry's initial filing of the case and the eventual voluntary dismissal of the Collection Lawsuit which Yvonne focuses on. As we previously determined, this Court is not inclined to wade into gauging the adequacy of the delineated filing requirements for Illinois small claims actions under the Illinois Rules of Civil Procedure. *See Beler*, 480 F.3d at 473. In filing the Collection Lawsuit, Cavalry met the threshold filing requirements for instituting a small claims action and its intent to pursue the Collection Lawsuit can only be gauged by its willingness to institute the case. Furthermore, the validity of Cavalry's voluntary dismissal, after Yvonne contested the Collection Lawsuit, focuses our inquiry back to the propriety of Cavalry's actions against the backdrop of Illinois procedural requirements. Cavalry voluntarily dismissed its action against Yvonne under established Illinois procedural grounds. 735 ILCS 5/2-1009 (a) ("The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice . . . ."). The Court cannot glean any nefarious

motive from Cavalry's actions when it is permitted under the Illinois Rules of Civil Procedure. Yvonne has failed to sufficiently plead an FDCPA violation based on her allegation that Cavalry never intended to go to trial. *See Bradford v. LVNV Funding, LLC*, 11-cv-291, 2014 WL 1012771, *3 (E.D. Tenn. Feb. 25, 2014); *Grant- Hall Cavalry Portfolio Servs.*, LLC, 856 F. Supp. 2d 929, 944-45 (N.D. Ill. 2012); *Odish v. CACH, LLC*, 12-cv-1710, 2012 WL 5382260 (S.D. Cal. Nov. 1, 2012). Accordingly, Count 1 of Yvonne's complaint is dismissed.

## II. ICFA Claim (Count 2)

Having dismissed Yvonne's FDCPA claim, which the Court had original jurisdiction over, Yvonne's remaining ICFA claim is based on Illinois law. *See* 28 U.S.C. § 1331. The Seventh Circuit has instructed that, "[t]he supplemental jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 US.C. § 1367(c)(3)). Although the decision to exercise supplemental jurisdiction is within the district court's broad discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co.*, 672 F.3d at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The Court, in its

discretion, declines to exercise supplemental jurisdiction over the remaining state law claim and dismisses Count 2 of Yvonne's complaint.

## CONCLUSION

For the aforementioned reasons, the Court grants Cavalry's motion to dismiss for failure to state a claim concerning Count 1. The Court declines to exercise supplemental jurisdiction over Yvonne's Illinois state claim in Count 2. The Court limits the application of this ruling to the case at bar. The merits of the remaining cases, which were previously consolidated before this Court, will be determined at a later date.

_____
Charles P. Kocoras
United States District Judge

Dated: 11/18/2014