CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals
### For the Seventh Circuit

_____

Nos. 14-2760, 14-3724 & 15-1101

PAULA ST. JOHN, YVONNE OWUSUMENSAH, et al., & BRYAN SIROTA,

*Plaintiffs-Appellants*,

*v.*

CACH, LLC; CAVALRY PORTFOLIO SERVICES, LLC; & UNIFUND CCR PARTNERS, INC.,

*Defendants-Appellees*.

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 14-cv-00733; 14-cv-03640; 14-cv-04903; 14-cv-04442; 14-cv-04402; 14-cv-03408 — **Amy J. St. Eve & Charles P. Kocoras**, *Judges*.

_____

ARGUED MARCH 31, 2016 — DECIDED MAY 19, 2016

_____

Before KANNE and MANION, *Circuit Judges*, and PEPPER,[*] *District Judge*.

_____

[*] Hon. Pamela Pepper, Eastern District of Wisconsin, sitting by designation.

2                              Nos. 14-2760, 14-3724 & 15-1101

MANION, *Circuit Judge*. Section 1692e(5) of the Fair Debt Collection Practices Act ("FDCPA" or "the Act") prohibits debt collectors from threatening to take an action that they do not intend to take in the course of collecting a debt. 15 U.S.C. § 1692e(5). The question before us is whether this provision makes it unlawful for a debt collector to file a collection lawsuit without intending to proceed to trial. We conclude it does not.

### I.

The defendants in this case are debt collectors who previously filed suit in Illinois state court to recover on the plaintiffs' delinquent credit card accounts. The debt collectors later moved to voluntarily dismiss the actions without prejudice, and the actions were dismissed prior to trial. The plaintiffs then sued the debt collectors in federal court for allegedly engaging in various deceptive practices under the FDCPA during the state court litigation. Of relevance to this appeal, the plaintiffs claimed that the debt collectors violated § 1692e(5) of the Act by initiating the state court proceedings with no intention of going to trial. In the end, each of the plaintiffs' federal actions was dismissed under Rule 12(b)(6) or Rule 12(c) for failure to state a plausible claim to relief. Although the plaintiffs brought numerous claims in district court, the only substantive issue they raise in this consolidated appeal is whether they stated a plausible claim under § 1692e(5) by alleging that the debt collectors filed suit without intending to proceed to trial.

## II.

We review the dismissal of a complaint under Rule 12(b)(6) or Rule 12(c) de novo, accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiffs. *Ball v. City of Indianapolis*, 760 F.3d 636, 642–43 (7th Cir. 2014); *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). Rule 12(b)(6) and Rule 12(c) "employ the same standard: the complaint must state a claim that is plausible on its face." *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The issue here is whether the plaintiffs stated a plausible claim under § 1692e(5) of the FDCPA. The FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under § 1692e(5), this general prohibition specifically includes making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). We evaluate claims under § 1692e by considering whether the debt collector's communication "would deceive or mislead an unsophisticated, but reasonable, consumer." *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) (internal marks omitted); *see also Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

The plaintiffs' principal argument on appeal is both novel and straightforward. They begin by asserting that the act of filing a lawsuit includes an implied representation, or "threat," that the case will go to trial. They therefore propose

4                                Nos. 14-2760, 14-3724 & 15-1101

that a debt collector that files a collection lawsuit without intending to go to trial has *ipso facto* violated § 1692e(5), for it has "threatened" to take an action—proceeding to trial—that it does not intend to take. The plaintiffs further submit that the relevant time at which to gauge the debt collector's intent is the time it files its complaint, since that is the time the apparent intention to proceed to trial is supposedly manifested.

Based on these suppositions, the plaintiffs allege that the defendants violated § 1692e(5) because they did not intend to proceed to trial when they filed their collection complaints in state court. Instead, the plaintiffs assert, the defendants impermissibly filed suit hoping only for a settlement or default judgment, as evidenced by their decision to voluntarily dismiss the actions once the plaintiffs became involved in defending the litigation. To be clear, the plaintiffs do not allege that the defendants represented anywhere in their state court complaints that they intended to go to trial; rather, they allege that the defendants implicitly communicated an intention to go to trial simply by filing the complaints. Nor is there any indication that the defendants did not file the complaints in good faith, since the plaintiffs do not deny that they owed the debts sued upon or otherwise contend that the debts were not legally enforceable.

We conclude that the plaintiffs have failed to state a viable claim under § 1692e(5). For one thing, although it is crucial to their theory of liability, the plaintiffs have not sufficiently alleged that the defendants did not intend to proceed to trial when they initially filed their collection complaints in state court. In support of this allegation, the plaintiffs emphasize that the defendants moved to voluntarily dismiss their lawsuits prior to trial—but that does not plausibly suggest that

Nos. 14-2760, 14-3724 & 15-1101 5

the defendants had no intention of ever going to trial in the first place. There are many reasons why a litigant may eventually want to dismiss its own case. That it ultimately seeks to do so does not provide an adequate basis to broadly discern its original intentions at the time of filing, much less to specifically infer that it did not intend to prove its case at trial. Accordingly, the plaintiffs' assertion that the defendants filed suit without intending to go to trial is based on speculation; it is not a well-pleaded factual allegation supporting a plausible claim to relief. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015) ("A claim for relief must be plausible rather than merely conceivable or speculative.").

But the plaintiffs' claim also fails for a more fundamental reason: not only have they failed to show that the defendants did not intend keep their supposed threat of going to trial— they have failed to show that the defendants ever threatened to go to trial at all. As the plaintiffs acknowledge, a threat, in the broadest sense, involves a declaration of an intention to take some action.[1] Contrary to the plaintiffs' supposition, however, the mere filing of a civil action does not include an implicit declaration that the plaintiff intends to advance the action all the way through trial. Litigation is inherently a *process*. And recovery through that process may be achieved in many ways, and at different stages, of which trial is often not the most cost-effective or desirable. Indeed, the typical plaintiff at the outset of litigation likely hopes to recover through a

---

[1] *See, e.g.*, Dictionary.com, http://www.dictionary.com (last visited May 17, 2016) (defining "threat" as "a declaration of an intention or determination to inflict punishment, injury, etc., in retaliation for, or conditionally upon, some action or course").

less cumbersome avenue, such as a settlement or default judgment, and would rather avoid the expense, inconvenience, and uncertainty of trial.[2] That is not "trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); it is the legitimate exercise of the plaintiff's discretion in determining how to efficiently manage litigation by obtaining an optimal outcome with limited resources.

In this respect, debt collectors who sue to recover a debt are no different from any other plaintiff. They too must weigh the anticipated costs of trial against the potential benefits when considering how far to advance the litigation. Yet, under the plaintiffs' theory, a debt collector who foresees that it would not be cost-effective to proceed to trial on a particular debt (and who therefore has no intention of doing so) would be liable just for filing a complaint. The debt collector would thus effectively be barred from recourse to the courts, even when its claim is unquestionably legitimate, and even when no other recourse is left. The FDCPA does not compel this incongruous result. Section 1692e(5) does not punish debt collectors for engaging in a customary cost-benefit analysis when conducting litigation, nor does it constrain them to mechanically steer the proceedings toward trial with no regard for expense or efficiency.[3]

---

[2] Frequently, the plaintiff's search for a more efficient resolution will also benefit the defendant. A plaintiff who sues to recover a debt, for instance, may agree to dismiss the suit with prejudice in exchange for a settlement that amounts to less than what is owed by the defendant.

[3] We note that this reading of § 1692e(5) is also "consistent with the statute's apparent objective of preserving creditors' judicial remedies." *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).

Moreover, under Illinois law the debt collectors in this case were allowed to voluntarily dismiss their actions at any time before trial, for any reason. 735 ILCS 5/2-1009(a); *see also Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 213 (Ill. App. Ct. 1996) (recognizing a plaintiff's "absolute right to voluntarily dismiss the case without prejudice prior to trial"). Since there was no expectation that the debt collectors would proceed to trial when filing suit in Illinois, their act of filing cannot possibly support a reasonable inference that they were thereby manifesting an intention to proceed to trial.

In sum, an unsophisticated consumer could not reasonably conclude that a debt collector implicitly threatens to proceed to trial simply by filing a lawsuit to recover a debt. We therefore hold that § 1692e(5) of the FDCPA does not prohibit debt collectors from filing a collection lawsuit without intending to go to trial. Accordingly, the plaintiffs have failed to state a plausible claim under § 1692e(5) even if the defendants did not intend to go to trial when they filed their collection complaints.

In the alternative, the plaintiffs argue that the district court applied the incorrect legal standard in dismissing their actions under Rule 12(b)(6) and Rule 12(c).[4] This argument fails because we have independently applied the proper legal standard de novo and have now reached the same result as the district court. The plaintiffs further argue, in a single sentence, that the district court should have allowed them to amend their complaints. The plaintiffs cite no legal authority

---

[4] Specifically, the plaintiffs claim that the district court failed to accept their well-pleaded allegations as true and to draw all reasonable inferences in their favor.

in support of this conclusory argument and it is therefore waived on appeal. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Having correctly determined that the plaintiffs' claims failed on the merits, the district court did not err in dismissing the claims with prejudice. *See El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (noting that a dismissal for failure to state a claim is a dismissal on the merits and is therefore with prejudice).

### III.

Section 1692e(5) of the FDCPA does not require debt collectors to intend to proceed to trial when filing a lawsuit to recover a debt. The plaintiffs failed to state a plausible claim under § 1692e(5), and their actions were properly dismissed.

AFFIRMED.